FILED
2005 Sep-07 PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERRI L. CORDER,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   CV-03-BE-2481-S |
| | ] |
| **CITY OF BESSEMER, ALABAMA,** | ] |
| **et al.,** | ] |
| | ] |
| **Defendants.** | ] |
| | ] |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is before the court on a motion for summary judgment (doc. # 15), a brief in support of the motion for summary judgment (doc. # 16), and evidentiary materials in support of the motion for summary judgment (doc. # 17) filed by The City of Bessemer, Alabama and the Bessemer Police Department. The plaintiff filed a brief in opposition to the motion for summary judgment (doc. # 19) with supporting evidentiary submissions (doc. # 20). Following briefing by both sides, the court held a motion hearing on August 31, 2005.

The court has considered the parties' briefs and evidentiary submissions; the arguments in support of and in objection to the motion presented at the August 25, 2003 oral argument; and the applicable standard of review. For the reasons stated on the record at the motion hearing and summarized below, the court finds that the motion for summary judgment is due to be GRANTED.

Plaintiff Terri L. Corder, a Caucasian female, alleges a violation of the Civil Rights Act

1

of 1964, as amended, 42 U.S.C. § 2000e *et. seq*., ("Title VII") and 42 U.S.C. § 1983[1] against her employer, the City of Bessemer Police Department. Count one of her complaint alleges that the Bessemer Police Department discriminated against her on the basis of sex by failing to provide separate restroom and locker room facilities for female police officers. Count two of the complaint alleges that the defendants created a sexually and racially hostile work environment. Lastly, count three of the complaint alleges retaliation for the filing of an EEOC charge of discrimination in October 2001.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52. Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

---

[1] When 42 U.S.C. § 1983 is used as a parallel remedy for alleged violations of Title VII, the elements of the two causes of action are the same. *See Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 n. 4 (11th Cir. 2003).

## II. DISCUSSION[2]

At the oral argument, Corder's counsel advised the court that the defendants' subsequent remedial measures had alleviated her concerns about the inadequate restroom and locker room facilities for female police officers that formed the basis of the plaintiff's Title VII disparate treatment claim alleged in count one. Accordingly, the court concludes that the defendants' motion for summary judgment is due to be GRANTED on count one of the complaint.

Plaintiff's counsel also advised the court that Corder was conceding that she could not direct the court to any specific incident constituting a sexually or racially hostile work environment within the applicable limitations period. *See Shields v. Fort James Corp.*, 305 F.3d 1280, 1281-1282 (11th Cir. 2002) (holding that a plaintiff can satisfy the 180-day statute of limitations for reporting harassment to the EEOC by demonstrating *one* act within the applicable limitations period). Consequently, the court concludes that the defendants' motion for summary judgment is due to be GRANTED on count two of the complaint.

Lastly, the court concludes that the defendants are entitled to summary judgment on count three of the complaint alleging retaliation. The plaintiff specifically alleges that, after the filing of her EEOC charge in 2001, she was assigned to a notoriously dangerous beat and to a shift at the City jail. According to Corder, the above-referenced shift assignments were universally regarded by Bessemer Police officers as a punishment for serious misconduct.[3]

---

[2] Based on the lengthy and through presentation of the facts in the parties' briefs and the factual matters discussed at the August 31, 2005 oral argument, the court does not include a recitation of all the facts in this Memorandum Opinion.

[3] At the oral argument, plaintiff's counsel acknowledged that Corder's allegations of disparate discipline in connection with an October 2002 incident with Captain Johnson is not included in her claim for retaliation.

To establish a prima facie case of retaliation, plaintiff must establish that (1) she engaged in a statutorily protected expression; (2) she was subjected to an adverse employment action; and (3) there is a causal link between the adverse employment action and the protected activity. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" *Gupta*, 212 F.3d at 587 (internal quotations and citations omitted). The Eleventh Circuit has not adopted a bright-line test for determining whether the challenged conduct constitutes an adverse employment action but clearly holds that "some threshold level of substantiality . . . must be met for unlawful discrimination to be cognizable." *Stavropoulos v. Firestone*, 361 F.3d 610, 616-617 (11th Cir. 2004).

In *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001), the court indicated that "[w]e do not suggest that a change in work assignments can never by itself give rise to a Title VII claim; in unusual instances, the change may be so substantial and material that it does indeed alter the terms, conditions, or privileges of employment." 245 F.3d at 1245 (emphasis added). However, the Eleventh Circuit has held that a lateral transfer that does not involve a demotion in form or substance does not rise to the level of an adverse employment action. *See Doe v. Dekalb County School Dist.,* 145 F.3d 1441, 1449 (11th Cir.1998). The Eleventh Circuit explained, "[I]t is not enough that a transfer imposes some *de minimis* inconvenience or alteration of responsibilities." *Id.* at 1453. *See also, Wright v. Dept. of Corrections*, 31 F. Supp.

2d 1336, 1344 (M.D. Ala. 1998) (holding that the plaintiff failed to prove that she suffered an adverse employment action by being assigned to a more stressful and more dangerous post in a prison dormitory).

Corder did not suffer any material loss of pay, benefits, or any serious and material change in the nature of her employment as a result of her shift assignments to what the plaintiff perceived as a particularly dangerous beat or to the city jail. These shifts are assignments that some members of the police force must cover. Without any evidence of an adverse employment action that rises to a threshold level of substantiality, the court concludes that the shift assignments that Corder received after filing a complaint with the EEOC in 2001 are not adverse employment actions. Consequently, the defendants' motion for summary judgment is due to be granted on count three of the complaint.

Based on the foregoing analysis, the court concludes that the defendants' motion for summary judgment is due to be GRANTED in its entirety.

A separate final order will be entered.

DONE and ORDERED this 7th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

5